UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WILLIE ROGERS GRIFFIN,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CATHOLIC CHARITIES, PACIFIC CARDON MISSION, GATEWAY RESCUE MISSION, UNIVERSITY MEDICAL CENTER, OMAHA POLICE,<br><br>　　　Defendants. | Case No.: 1:17-cv-00142-REB<br><br>**ORDER AND RECOMMENDATION** |

Now pending before this Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) and Plaintiff's Complaint (Dkt. 2). Because not all parties have consented to the jurisdiction of a United States Magistrate Judge, this case will be reassigned to a District Judge. The Court enters the following Order and Recommendation for the District Judge's consideration.

**I.**　*In Forma Pauperis* **Request**

　　**A.**　**Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for

**ORDER AND RECOMMENDATION- 1**

*in forma pauperis* ("IFP") status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

B.  Discussion

Plaintiff has stated under penalty of perjury that he "cannot prepay the filing fee in [his] case" as required by 28 U.S.C. § 1915(a)(1). *See* Application, p. 5 (Dkt. 1). Plaintiff's application indicates that he has no monthly income, no money in the bank, and no assets. (*Id*. at 2-4). The Court finds that Plaintiff's qualifies for IFP status.

II. Review of Complaint

A.  Factual Allegations

Plaintiff has sued "the Shelter" for $50 trillion dollars, as well the State of Nebraska, the city of Omaha, the city of Las Vegas, the State of Nevada, the State of Illinois, the city of Chicago, Catholic Charities (located in Las Vegas), Pacific Cardon Mission (located in Chicago), Gateway Rescue Mission (located in Jackson, MS), University Medical Center (located in Jackson, MS), and the Omaha Police. *See* Complaint (Dkt. 2, 2-3). Plaintiff is a resident of Nebraska. *See* Dkt. 1, 2. Plaintiff makes various allegations of conspiracy and fraud, among other things. *See*, *generally*, Complaint.

**ORDER AND RECOMMENDATION- 2**

**B.     Improper Venue**

Venue is improper in the District of Idaho because the Defendants are other States or cities and entities located in other states, the alleged events giving rising to Plaintiff's claims occurred in other states, and there is nothing to suggest that the Defendants would be subject to the personal jurisdiction of this Court.  *See* 28 U.S.C. § 1391(b).  It appears Plaintiff currently resides in Nebraska.

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The United States Supreme Court has indicated that the "interests of justice" language in § 1406(a) was meant to combat the "uncertainties of proper venue [when] a mistake is made" as to the "existence of some elusive fact."  *Goldlawr, Inc. v. Herman*, 369 U.S. 463, 466-67 (1962).

Courts have held that the interests of justice are not served when the mistake is not genuine, such as when the plaintiff "either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over [a] defendant in [the chosen] district."  *Mulcahy v. Guertler*, 416 F. Supp. 1083, 1086 (D. Mass. 1976) (denying motion to transfer venue under § 1406(a) when the mistake was obvious, but noting that the statute of limitations had not expired); *Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997) (denying the plaintiff's motion to transfer under § 1406(a) when the plaintiff plainly filed in the wrong district on the last day before statute of limitations expired).

Plaintiff cannot reasonably contend that he genuinely was mistaken that he could file his action in the District of Idaho.  Nothing of what he references in his Complaint has anything to

**ORDER AND RECOMMENDATION- 3**

do with the District of Idaho. He has made the allegations; he must be aware that his allegations involve conduct that took place in other states and that none of the alleged misconduct took place in Idaho. Additionally, Plaintiff is naming Defendants that are other States and municipalities or entities within those States. There is no connection to Idaho between the Defendants or the events giving rise to Plaintiff's claims that would support the District of Idaho as the proper venue for this case. Therefore, the Court recommends that the case be dismissed, without prejudice.

## ORDER AND RECOMMENDATION

The Court **HEREBY ORDERS**:

1) Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) is **GRANTED;**

2) Because not all parties have not consented to a U.S. Magistrate Judge, this case is **REASSIGNED** to a U.S. District Judge.

The Court **HEREBY RECOMMENDS**:

1) Plaintiff's Complaint (Dkt. 2) be **DISMISSED** without prejudice as having been filed in an improper venue.

DATED: April 7, 2017

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**ORDER AND RECOMMENDATION- 4**